UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JENNIFER ERICHSEN                   )
                                    )
                      Plaintiff,    )
v.                                  )          Civil Action No. 10-11123-JLT
                                    )
WELLS FARGO BANK, N.A.,             )
WELLS FARGO HOME MORTGAGE,          )
INC., HARMON LAW OFFICES, P.C.      )
                      Defendant.    )
_____)

## ANSWER OF WELLS FARGO BANK, N.A. AND
## WELLS FARGO HOME MORTGAGE, INC.

Defendants, Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc. (collectively referred to herein as "Wells Fargo"),[1] hereby respond to Plaintiff's Complaint by denying each and every allegation not specifically admitted herein, and by further responding as follows:

1.      The allegations immediately preceding paragraph 1 are introductory statements and legal conclusions to which no response is required.  To the extent that a response is required, Wells Fargo denies any wrongdoing or liability of any kind to Plaintiff.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1.

2.      With respect to the allegations of paragraph 2, Wells Fargo admits that it is national banking association organized under the National Bank Act and that it has offices in San Francisco, California.

---

[1] Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.  It is not a distinct corporate entity, and therefore the caption of Plaintiff's complaint is incorrect.

3.      Wells Fargo denies the allegations of paragraph 3 and states that Wells Fargo is a division of Wells Fargo Bank, N.A.

4.      Wells Fargo admits so much of the allegations of paragraph 4 that refer to the rate and amount of the referenced mortgage.   Answering further, Wells Fargo states that the terms of the mortgage are set forth in the mortgage and note, which speak for themselves. Wells Fargo refers to the mortgage and note, which speak for themselves, and denies any and all allegations inconsistent therewith.   Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 4 that related to the purported "1031 Exchange."

5.      With respect to the allegations of paragraph 5, Wells Fargo states the referenced mortgage speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

6.      With respect to the allegations of paragraph 6, Wells Fargo states the referenced note speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

7.      With respect to the allegations of paragraph 7, Wells Fargo states the referenced note speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

8.      With respect to the allegations of paragraph 8, Wells Fargo states the referenced mortgage and note speak for themselves.   Wells Fargo denies any and all allegations inconsistent therewith.

9.      Wells Fargo denies that allegations of paragraph 9 and states that Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.

10.     With respect to the allegations of paragraph 10, Wells Fargo states the referenced Secretary of State records speaks for themselves.  Wells Fargo denies any and all allegations inconsistent therewith.

11.     The allegations of paragraph 11 are legal conclusions to which no response is required.   To the extent that a response is required, Wells Fargo denies so much of the allegations that relate to Wells Fargo (including any purported Wells Fargo entities).   Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 11 that pertain to Harmon Law Offices.

12.     The allegations of paragraph 12 contain legal conclusion to which no response is required.   To the extent that a response is required, Wells Fargo admits that Wells Fargo Bank was engaged in commercial activity in the Commonwealth, but denies that G.L. c. 93A applies, as alleged, in this case.

13.     With respect to the allegations of paragraph 13, Wells Fargo admits that Plaintiff defaulted under the terms of the note and mortgage and that the loan is currently in default.

14.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 14.

15.     With respect to the allegations of paragraph 15, Wells Fargo admits that it attempted to provide a loan modification to Plaintiff, but that such attempts have not been successful.   Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 15.

16.     Wells Fargo denies the allegations of paragraph 16 as inaccurate mischaracterization of the parties' dealings.

17.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 17.

18.     With respect to the allegations of paragraph 18, Wells Fargo states that the referenced correspondence from Harmon Law Offices speaks for itself.   Wells Fargo denies any and all allegations inconsistent therewith.

19.     With respect to the allegations of paragraph 19, Wells Fargo states that the referenced correspondence from Harmon Law Offices speaks for itself.   Wells Fargo denies any and all allegations inconsistent therewith.

20.     With respect to the allegations of paragraph 20, Wells Fargo states that the referenced foreclosure filing, which is complaint under the servicermemeber's act, speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

21.     With respect to the allegations of paragraph 21, Wells Fargo states that the referenced foreclosure filing speaks for itself.   Wells Fargo denies any and all allegations inconsistent therewith.

22.     With respect to the allegations of paragraph 22, Wells Fargo states that the referenced foreclosure filing speaks for itself.   Wells Fargo denies any and all allegations inconsistent therewith.

23.     With respect to the allegations of paragraph 23, Wells Fargo states that the referenced foreclosure filing speaks for itself.   Wells Fargo denies any and all allegations inconsistent therewith.

24.     With respect to the allegations of paragraph 24, Wells Fargo states that the referenced correspondence speaks for itself.   Wells Fargo denies any and all allegations inconsistent therewith.

25.     With respect to the allegations of paragraph 25, Wells Fargo states that the referenced correspondence and limited power of attorney speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

26.     Wells Fargo denies the allegations of paragraph 26 and states that the borrower contacted Wells Fargo directly after the purported letter was sent.

27.     With respect to the allegations of paragraph 27, Wells Fargo states that the referenced correspondence purporting to be a demand for relief under G.L. c. 93A speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith, and further denies that Plaintiff can maintain a claim under G.L. c. 93A, § 9.  Therefore, there is no demand letter requirement.

28.     With respect to the allegations of paragraph 28, Wells Fargo states that the referenced correspondence speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

29.     With respect to the allegations of paragraph 29, Wells Fargo states that the referenced correspondence speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith and further denies that Plaintiff can maintain a claim under G.L. c. 93A, § 9.  Therefore, there is no demand letter requirement and no demand letter response requirement.

30.     With respect to the allegations of paragraph 30, Wells Fargo states that the referenced correspondence speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

31.     With respect to the allegation of paragraph 31, Wells Fargo admits only that Plaintiff did not make the modest payment required to begin the modification process.  Wells

Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 31.

32.     With respect to the allegations of paragraph 32, Wells Fargo states that the referenced correspondence speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

33.     With respect to the allegations of paragraph 33, Wells Fargo states that the referenced correspondence speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

34.     With respect to the allegations of paragraph 34, Wells Fargo states that the referenced correspondence purporting to be a further demand for relief under G.L. c. 93A speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith, and further denies that Plaintiff can maintain a claim under G.L. c. 93A, § 9.   Therefore, there is no demand letter requirement.

35.     With respect to the allegations of paragraph 35, Wells Fargo states that the referenced correspondence speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

36.     With respect to the allegations of paragraph 36, Wells Fargo states that the referenced correspondence purporting to be a qualified written request speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

37.     With respect to the allegations of paragraph 37, Wells Fargo states that the referenced correspondence speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

38.     With respect to the allegations of paragraph 38, Wells Fargo states that the referenced correspondence speaks for itself.   Wells Fargo denies any and all allegations inconsistent therewith and denies that it failed to comply with its obligation under RESPA.

39.     With respect to the allegations of paragraph 39, Wells Fargo admits that it received a telephone call from an authorized third party, which was upon information and belief the Plaintiff's attorney, but denies that Plaintiff's characterization of that call is complete or accurate.

40.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 40.

41.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 41, and therefore denies them.

42.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the majority of the allegations of paragraph 42.   Wells Fargo further states that Freddie Mac is the investor for the loan.

43.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 43.

44.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 44.

45.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 45.

46.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 46.

47.     With respect to the allegations of paragraph 47, Wells Fargo admits that the referenced document attached to Plaintiff's Complaint as Exhibit O does not include an endorsement to Freddie Mac and further states that the document speaks for itself.   Wells Fargo denies any and all allegations inconsistent therewith.

48.     The allegations of paragraph 48 do not contain a hypothetical assertion with any factual allegations and therefore no response is required.

49.     The allegations of paragraph 49 are legal conclusion to which no response is required.   To the extent that a response is required, Wells Fargo denies the allegations of paragraph 49.

50.     Wells Fargo admits the allegations of paragraph 50 as of the date of this Answer.   The records at the registry of deeds speak for themselves.

51.     With respect to the allegations of paragraph 51, Wells Fargo states that the referenced correspondence speaks for itself.   Wells Fargo denies any and all allegations inconsistent therewith.   Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 51 that relates to Harmon's actions.

52.     With respect to the allegations of paragraph 52, Wells Fargo admits that it has received on multiple occasions copies of documents from borrower or her counsel that Wells Fargo has requested and re-requested for the purposes of considering loan modification eligibility.   Wells Fargo denies that Plaintiff has timely supplied all information and materials required and repeatedly requested.

53.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 53 and therefore denies the same.

54.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 54.

55.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 55.

56.     With respect to the allegations of paragraph 56, Wells Fargo admits that it is aware that Plaintiff submitted an insurance claim and that the insurance company issued a check to Plaintiff and the mortgagee.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 56.

57.     With respect to the allegations of paragraph 57, Wells Fargo admits only that the insurance check was written out to both Plaintiff and Wells Fargo.

58.     With respect to the allegations of paragraph 58, Wells Fargo admits that Plaintiff submitted the insurance check to Wells Fargo.  Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 58.

59.     Wells Fargo denies the allegations of paragraph 59.

60.     With respect to the allegations of paragraph 60, Wells Fargo states that the referenced correspondence purporting to be a further demand for relief under G.L. c. 93A speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith, and further denies that Plaintiff can maintain a claim under G.L. c. 93A, § 9.  Therefore, there is no demand letter requirement.

61.     With respect to the allegations of paragraph 61, Wells Fargo states that the referenced correspondence speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

62.     Wells Fargo denies the allegations of paragraph 62.

## COUNT ONE
## DECLARATORY JUDGMENT; REQUEST FOR INJUNCTIVE RELIEF

63.     Wells Fargo repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

64.     Wells Fargo admits that it has the authority to foreclose on the mortgage as alleged in paragraph 64.

65.     Wells Fargo admits that it has represented to Plaintiff and Plaintiff's counsel that it has authority to foreclose and denies any and all allegations inconsistent therewith.

66.     In response to paragraphs 66 through 68, Wells Fargo denies that Freddie Mac's involvement nullifies Wells Fargo's authority to foreclose and denies any allegations inconsistent therewith.

69.     Wells Fargo denies the allegations of paragraph 69.

## COUNT TWO
## WRONGFUL FORECLOSURE

70.     Wells Fargo repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

71.     With respect to the allegations of paragraph 71, Wells Fargo admits that foreclosure counsel filed a servicemember's complaint in connection with foreclosure under G.L. c. 244.  Otherwise denied.

72.     With respect to the allegations of paragraph 72, Wells Fargo states that the referenced Land Court filing speaks for itself.  Wells Fargo denies any and all allegations inconsistent therewith.

73.     Wells Fargo denies the allegations of paragraph 73.

74.     Wells Fargo denies the allegations of paragraph 74.

75.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 75.

76.     Wells Fargo denies the allegations of paragraph 76 including all subparts.

77.     Wells Fargo denies the allegations of paragraph 77.

## COUNT III
## BREACH OF CONTRACT

78.     Wells Fargo repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

79.     With respect to the allegations of paragraph 79, Wells Fargo admits it provided a mortgage loan to Plaintiff to assist in her finance of the purchase of real property in Nantucket, Massachusetts.

80.     Wells Fargo admits the allegations of paragraph 80.

81.     With respect to the allegations of paragraph 81, Wells Fargo admits that borrower executed various documents in connection with the mortgage loan including the mortgage, promissory note, as well as other disclosures, statements and other documents.

82.     Wells Fargo denies the allegations of paragraph 82.

83.     Wells Fargo denies the allegations of paragraph 83 including all subparts.

84.     Wells Fargo denies the allegations of paragraph 84.

## COUNT IV
## ALLEGED VIOLATION OF FDCPA

85.     Wells Fargo repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

86.     The allegations of paragraph 86 contain legal conclusions to which no response is required.   To the extent that a response is required, Wells Fargo refers to the referenced federal statute, which speaks for itself.

87.     Wells Fargo denies the allegations of paragraph 87 as they are alleged against Wells Fargo.

88.     Wells Fargo denies the allegations of paragraph 88.

89.     Wells Fargo denies the allegations of paragraph 89.

90.     With respect to the allegations of paragraph 90, Wells Fargo admits that Harmon had processed the foreclosure, but denies the remainder of the allegations of paragraph 90.

91.     Wells Fargo denies the allegations of paragraph 91.

## COUNT V
## ALLEGED VIOLATION OF MA ATTORNEY GENERAL'S REGULATIONS

92.     Wells Fargo repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

93.     Wells Fargo denies the allegations of paragraph 93.

94.     Wells Fargo denies the allegations of paragraph 94.

95.     Wells Fargo denies the allegations of paragraph 95.

96.     Wells Fargo denies the allegations of paragraph 96.

97.     Wells Fargo denies the allegations of paragraph 97.

## COUNT VI
## ALLEGED VIOLATION OF MA DIVISION OF BANK'S REGULATIONS

98.     Wells Fargo repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

99.     The allegations of paragraph 99 contain legal conclusions to which no response is required.   To the extent that a response is required, Wells Fargo denies the allegation of paragraph 99.

100.     With respect to the allegations of paragraph 100, Wells Fargo denies that it is required to register as a debt collector.

101.     Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 101.

102.     Wells Fargo denies the allegations of paragraph 102.

103.     Wells Fargo denies the allegations of paragraph 103.

104.     Wells Fargo denies the allegations of paragraph 104.

105.     Wells Fargo denies the allegations of paragraph 105.

106.     Wells Fargo denies the allegations of paragraph 106.

## COUNT VII
## VIOLATION OF G.L. c. 93A

107.     Wells Fargo repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

108.     With respect to the allegations of paragraph 108, Wells Fargo admits that it engages in commercial activity in Massachusetts.

109.     The allegations of paragraph 109 are asserted against Harmon, and not Wells Fargo and therefore no response is required from Wells Fargo.   To the extent that a response is required, Wells Fargo lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 109.

110.    The allegations of paragraph 110 contain legal conclusions to which no response is required.   To the extent that a response is required, Wells Fargo denies the allegations of paragraph 110.

111.    Wells Fargo denies the allegations of paragraph 111 including all subparts.

112.    The allegations of paragraph 112 are not asserted against Wells Fargo and therefore no response is required.

113.    Wells Fargo denies the allegations of paragraph 113.

## CONT VIII
## FRAUD, MISREPRESENTATION

114.    Wells Fargo repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

115.    Wells Fargo denies the allegations of paragraph 115 including all subparts.

116.    Wells Fargo denies the allegations of paragraph 116 including all subparts.

117.    The allegations of paragraph 117 are not asserted against Wells Fargo and therefore no response is required.

118.    Wells Fargo denies the allegations of paragraph 118, including the premise upon which the allegations are made.

119.    Wells Fargo denies the allegations of paragraph 119, including the premise upon which the allegations are made

120.    Wells Fargo denies the allegations of paragraph 120.   Wells Fargo also denies that the Plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 120.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are preempted by federal law namely the Fair Debt Collection Practices Act and the National Bank Act, including the regulations issued there under.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under G.L. c. 93A, § 9 because she is not a consumer covered by the consumer protections of the Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under the Fair Debt Collection Practices Act or the state equivalent because Wells Fargo is not a debt collector by definition.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because violations of state regulations are not independently actionable.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff had not suffered any damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by Wells Fargo

### EIGHTH AFFIRMATIVE DEFENSE

Wells Fargo pleads a defense of set off.  To the extent that Plaintiff obtains a financial recovery in this action, such amounts should be set off against amounts owed under the note and mortgage.

*NINTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred by the doctrine of unclean hands and *in pari delicto*.

*TENTH AFFIRMATIVE DEFENSE*

Plaintiff's damages, if any, were proximately caused by a third party or by the Plaintiff herself.

*ELEVENTH AFFIRMATIVE DEFENSE*

Plaintiff's FDCPA claim is barred because the underlying debt is not for personal, household or consumer purposes.

*TWELFTH AFFIRMATIVE DEFENSE*

Plaintiffs are barred from recovery because to the extent any violation of the FDCPA occurred, such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, having fully responded to Plaintiff's Complaint, Wells Fargo prays that the Complaint be dismissed, with prejudice, or such other relief as this Court deems just.

[Signature on next Page]

Respectfully submitted,

Wells Fargo Bank, N.A., and
Wells Fargo Home Mortgage,
By its attorneys,


/s/ Jeffrey S. Patterson
Jeffrey S. Patterson (BBO #671383)
jeffrey.patterson@nelsonmullins.com
David E. Fialkow (BBO #666192)
david.fialkow@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Boston Place, 40th Floor
Boston, Massachusetts 02108
(617) 573-4700
(617) 573-4710 (fax)


## CERTIFICATE OF SERVICE

I, Jeffrey S. Patterson, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date:  July 13, 2010                                      /s/ Jeffrey S. Patterson